# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**WILLIAM BOYKO,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0123** (BOR Appeal No. 2055730)
                    (Claim No. 2016015707)

**BLUE CREEK MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Boyko, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Blue Creek Mining, LLC, by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator denied a request to reopen the claim for additional permanent partial disability on April 6, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 23, 2020, Order. The Order was affirmed by the Board of Review on January 22, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Boyko, a coal miner, injured his lower back and left knee in the course of his employment while carrying wooden track ties and rolling steel rails on November 20, 2015. The December 2, 2015, Employees' and Physicians' Report of Injury indicates he was diagnosed with a bilateral occupational knee injury, but no specific diagnosis was given.

A right knee MRI taken on January 18, 2016, showed high grade medical compartment chondromalacia, missing chondral fragments, and patellofemoral arthrosis consistent with grade 3-4 chondromalacia. A lumbar MRI showed various disc bulges, ligament hypertrophy, facet arthropathy, mild L3-4 and L4-5 bilateral foraminal encroachment, and left L5-S1 foraminal encroachment. The claim was held compensable for lumbar sprain and left knee meniscus tear on March 18, 2016. Mr. Boyko underwent a left knee partial medial meniscectomy on June 22, 2016.

In a June 22, 2017, Independent Medical Evaluation, Joseph Grady, M.D., found 1% left knee impairment and 3% lumbar impairment for a total of 4% impairment due to the compensable injury. Mr. Boyko was granted a 4% permanent partial disability award on July 13, 2017. On November 10, 2017, Robert Walker, M.D., performed an Independent Medical Evaluation in which he assessed 8% lumbar spine impairment and 4% left knee impairment for a total of 12% whole person impairment due to the compensable injury. Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on March 14, 2018, in which he assessed 1% left knee impairment and 4% lumbar spine impairment for a total of 5% impairment.

On July 13, 2018, the Office of Judges reversed the July 13, 2017, claims administrator decision, and granted a 5% permanent partial disability award. Michael Kominsky, D.C., performed an Independent Medical Evaluation on March 18, 2020, in which he assessed 8% lumbar spine impairment and 4% left knee impairment for a total of 12% whole person impairment.

The claims administrator denied a reopening for permanent partial disability benefits on April 6, 2020. On September 23, 2020, the Office of Judges affirmed the decision. It found that Mr. Boyko's motion to reopen the claim was based on the report of Dr. Kominsky. The employer argued that Dr. Kominsky's report fails to support the assertion that Mr. Boyko sustained an aggravation or progression of his compensable injury. Dr. Kominsky's findings were identical to those of Dr. Walker, whose opinion was already considered by the Office of Judges in its July 13,

2018, Order, granting Mr. Boyko a 5% permanent partial disability award. In that Order, the Office of Judges found Dr. Walker's impairment assessments to be unsupported by the evidence of record. The Office of Judges concluded in the instant case that Mr. Boyko failed to show an aggravation or progression of his compensable injury to justify reopening the claim for additional permanent partial disability. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 22, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-5-3, in order to reopen a claim for permanent partial disability benefits, the claimant must make an application in writing showing a progression or aggravation of the compensable condition or some other fact or facts which were not considered previously that would entitle the claimant to greater benefits than he or she had already received. A preponderance of the evidence indicates Mr. Boyko has failed to show sufficient evidence to reopen the claim for additional permanent partial disability.

Affirmed.

**ISSUED: April 20, 2022**


**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment